# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH G. CHARRON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2308 HEA |
| | ) | |
| AZTRAZENECA PHARMACEUTICALS LP, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kenneth G. Charron, an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. For the following reasons, the motion will be held in abeyance, and plaintiff will be given the opportunity to submit an amended complaint.

### 28 U.S.C. § 1915(g)

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of this Court's files and those of the United States District Court for the Western District of Missouri indicates that plaintiff previously brought three civil actions that were dismissed as frivolous. *See Charron v. Groose*, No. 2:92-CV-4511 SOW (W.D. Mo. filed Dec. 3, 1992); *Charron v. Mitchell*, No. 2:92-CV-4567 SOW (W.D. Mo. filed Jan. 11, 1993); *Charron v. Jawade*, No. 4:93-CV-2485 GFG (E.D. Mo. filed Mar. 15, 1994). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Complaint**

Plaintiff's complaint alleges product liability claims against three drug manufacturers. Although he does not allege any claims under 42 U.S.C. § 1983, he includes factual allegations that would likely give rise to a nonfrivolous action against his treating physicians for violation of his constitutional rights under the Eighth Amendment. The Court must liberally construe plaintiff's complaint, and therefore will address both sets of claims.

*(1)     Plaintiff's Product Liability Claims*

Plaintiff brings this action against Astrazeneca Pharmaceuticals LP, Astrazeneca LP (collectively "Astrazeneca"), Wyeth Pharmaceuticals, Inc. ("Wyeth"), Procter & Gamble Co. ("P&G"), several unknown business entities, Corizon LLC, and several unknown employees of Corizon, alleging negligence (Count I); strict products liability (Count II); breach of express warranty (Count III); breach of implied warranty (Count IV); fraudulent misrepresentation and omission (Count V); and violation of the Missouri Merchandising Practices Act ("MMPA").

Plaintiff states that he was diagnosed with hiatal hernia with Schatzky ring, mild esophageal stenosis, and severe antritis with multiple duodenal ulcers on January 14, 2002. Since this time, he has taken prescription drugs Protonix, Nexium, Prilosec, and Prilosec OTC to

treat these conditions.  These drugs are commonly referred to as proton pump inhibitors ("PPIs"), and are prescribed to reduce stomach acid production.

On July 9, 2014, plaintiff was diagnosed with chronic kidney disease, allegedly "as a result of his prolonged use of PPIs."  A CT scan showed two tumors and a blockage of plaintiff's kidney tubules.  His right kidney was later removed.  Over the span of twenty-eight months, doctors removed five additional cancerous tumors.

Plaintiff alleges defendant drug companies willfully and intentionally misrepresented the risks of PPIs and failed to warn about the risk of acute interstitial nephritis, acute kidney failure, kidney cancer, and other kidney injuries associated with long term use of PPIs.  Plaintiff alleges his kidney cancer is the result of his prolonged use of PPIs.  He seeks damages in excess of $1,000,000.00.

*(2)    Plaintiff's Factual Allegations Concerning His Care and Treatment at NECC*

Although plaintiff has not alleged any cause of action arising directly out of his care and treatment at NECC—alleging only causes of for negligence, products liability, breach of warranty, fraudulent misrepresentation, and violations of the MMPA—he alleges several facts regarding his care and treatment at NECC that could give rise to a nonfrivolous action under 42 U.S.C. § 1983.

Plaintiff states that on October 31, 2014, he had his right kidney removed.  Dr. Vogt requested to see plaintiff every ninety days to perform a scope.  Over the next twenty-eight months, Dr. Vogt removed five additional cancerous tumors.

In February 2017, Dr. Vogt found plaintiff had enlarged lymph nodes and prostate.  Dr. Vogt was concerned that plaintiff's cancer was spreading.  In May 2017, plaintiff was scheduled to return to see Dr. Vogt, but plaintiff alleges Corizon refused to send him.  Dr. Vogt also

requested that plaintiff be sent to an oncologist, a request which plaintiff alleges was denied by Corizon.

On June 27, 2017, plaintiff alleges he was treated by Dr. Whitlock, who told plaintiff that Corizon had denied Dr. Vogt's requests to be seen every ninety days and denied Dr. Whitlock's request that plaintiff be seen by an oncologist.

On July 21, 2017, Corizon directed that plaintiff be taken off his medically-ordered renal diet. Plaintiff had been on a renal diet since at least October 2014. Dr. Rhodes told plaintiff he was in acute renal failure, and that his left kidney was working at a level 3 on a scale of 1 to 5. Plaintiff states as follows:

> Dr. Paniagua confirmed that plaintiff's cancer had spread to his lymph nodes and prostate. Dr. Paniagua explained to plaintiff that it was no longer cost effective to treat plaintiff's cancer and chronic kidney disease. Plaintiff was going to die in a year or two anyway, and that at this time plaintiff had become a liability and not an asset to Corizon Inc. because plaintiff had cost hundreds of thousands of dollars in treatment for Corizon Inc. to pay, plaintiff had gotten more treatment than plaintiff should have, so Corizon Inc. would not pay [for] plaintiff's back to be fixed, cancer, chronic kidney disease, loss of feeling in plaintiff's arms with pain, that causes plaintiff to suffer pain, trouble buttoning plaintiff's shirt, holding a toothbrush, feeding himself, doing anything where plaintiff needs to use his hands[.]

Plaintiff alleges this refusal of medical care by Corizon doctors has put him in severe pain, imminent danger of serious physical injury, and premature death.

## Discussion

*(1) Plaintiff's Claims Against Astrazeneca, Wyeth, and Proctor & Gamble Co.*

Plaintiff brings claims Astrazeneca, Wyeth, and P&G arising out of his long-term use of PPIs manufactured by these defendants, including Nexium, Protonix, Prilosec, and Prilosec OTC. Plaintiff alleges the long-term use of these PPIs caused inflammation of his kidney tubules and led to his chronic kidney disease and kidney cancer. Plaintiff alleges defendants misrepresented the risks of PPIs and failed to warn him about the risk of acute interstitial

nephritis, acute kidney failure, kidney cancer, and other kidney injuries. As a result of defendants' failure to inform and warn consumers and the prescribing medical community, plaintiff alleges he was injured and seeks damages associated with these injuries.

The Court does not find that plaintiff's negligence, product liability, warranty, and MMPA claims brought against the defendant drug manufacturers are causing him to be under imminent danger of serious physical injury. Because he does not fall under this exception to § 1915(g), he will not be granted in forma pauperis status with respect to these claims.

The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see, e.g., McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (finding plaintiff faced imminent danger where infection spreading in his mouth that had already required five tooth extractions, which were unconstitutionally delayed, and he still needed two more extractions that were being delayed). Here, plaintiff's claims and the relief sought on these claims is for past harm—harm caused by the drug manufacturer's labeling and marketing of their drugs. The Court cannot find that plaintiff's causes of action against the defendant drug manufacturers fall under the imminent danger exception of § 1915(g).

The Court will deny plaintiff's motion to proceed in forma pauperis on his claims against defendants AstraZeneca, Wyeth, and P&G. These claims will be dismissed without prejudice to being refiled as fully-paid claims.

*(2)    Plaintiff's Claims Against Corizon LLC*

Plaintiff names Corizon LLC ("Corizon") as a defendant in the caption of his complaint, however, his causes of action are not alleged against Corizon. Corizon is not a drug manufacturer, and plaintiff has not alleged any product liability, breach of warranty, negligence,

or fraudulent misrepresentation made by Corizon regarding the long-term use of the PPIs. Additionally, plaintiff's complaint does not contain any allegations that a policy or custom of Corizon was responsible for his alleged causes of action. As a result, the complaint fails to state a claim upon which relief can be granted as to Corizon, and the Court will dismiss this defendant without prejudice.

> (3) *Defendants ABC Corporations 1-10, John Does, 1-10, Jane Does 1-10, Corizon John Does 1-3, Corizon Jane Does 1-3*

Plaintiff has named several fictitious or unknown parties in this action: ABC Corporations 1-10, John Does 1-10, Jane Does 1-10, Corizon John Does 1-3, and Corizon Jane Does 1-3. At the outset, the Court notes that, in general, fictitious parties may not be named as defendants in a civil action. *See Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff's complaint does not contain allegations sufficiently specific to permit the identity of the ABC Corporations, John Does, Jane Does, or Corizon John and Jane Does to be ascertained after reasonable discovery. These Doe defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). As a result, the complaint is legally frivolous as to ABC Corporation and all Doe defendants, and will be dismissed without prejudice as to these defendants.

> (4) *Plaintiff's Allegations Against Dr. Paniagua*

Plaintiff has not stated any cause of action against Dr. Paniagua in his complaint, nor has he listed Dr. Paniagua as a defendant. The Court, however, finds the facts alleged against Dr. Paniagua would likely support a nonfrivolous action for a violation of plaintiff's constitutional

rights. The Court will order the Clerk of Court to provide plaintiff a form prisoner civil complaint under 42 U.S.C. § 1983.

Plaintiff states that on August 9, 2017, Dr. Paniagua confirmed that plaintiff's cancer had spread to plaintiff's lymph nodes and prostate. He then explained to plaintiff that it was no longer "cost effective" to treat plaintiff for his kidney disease and kidney cancer. Plaintiff has since been refused his doctors' requests to be referred to an oncologist and has been refused his scheduled appointments with Dr. Vogt. Plaintiff alleges another unnamed doctor refused to send plaintiff out to have a fractured screw in his back fixed, which is causing plaintiff pain and loss of feeling in his legs. Also, plaintiff alleges that on July 21, 2017, a Corizon doctor ordered plaintiff's prescribed renal diet stopped.

Because plaintiff's complaint includes no legal action for failure to treat against Dr. Paniagua, does not name him as a defendant, and these allegations are factually distinct from the claims against the defendant drug manufacturers, the Court will direct the Clerk of Court to forward to plaintiff a form civil complaint for an action under 42 U.S.C. § 1983. To the extent plaintiff seeks to state claims arising out of Dr. Paniagua's actions or actions of any medical providers, he shall bring these in an amended complaint under § 1983. Because of plaintiff's three prior strikes under § 1915(g), to proceed in forma pauperis, plaintiff must set forth specific facts regarding his kidney disease, his need for cancer treatment, or any other facts tending to show he is in imminent danger of serious physical injury.

Accordingly, plaintiff will be required to file an amended complaint, on a court-form, containing all of the allegations he wishes to bring against any medical care provider. Plaintiff must clearly state the defendants that he is pursuing allegations against, and he must clearly identify the name and title of each defendant. He must also articulate, for each defendant, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make

specific and actionable allegations against any of the defendants will result in their dismissal from this case.

Plaintiff shall have twenty-one (21) days from the date of this Order to file his amended complaint.  Plaintiff is warned that the filing of the amended complaint completely replaces the original complaint, and claims that are not re-alleged are deemed abandoned.  *E.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file his amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **HELD IN ABEYANCE**.  [ECF No. 1]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Astrazeneca Pharmaceuticals LP, Astrazeneca LP, Wyeth Pharmaceuticals, Inc., and Proctor & Gamble Co. are **DISMISSED without prejudice** to being refiled as fully-paid claims pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants ABC Corporations 1-10, John Does 1-10, Jane Does 1-10, Corizon LLC, Corizon John Does 1-3, and Corizon Jane Does 1-3 are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that if plaintiff seeks to file an action under 42 U.S.C. § 1983 against his medical care providers, he shall submit an amended complaint on the court-provided form as set out above within twenty-one (21) days.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint as set out above, this action will be dismissed without prejudice.

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 31st day of January, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE